REUBEN PIKE *vs.* JOSEPH M. MOTT.

If a note be payable in cattle, at the Maker's house on a day certain, and the Payee of the note calls at the time and place for the cattle, which are not turned out; and at the request of the Maker, the Payee agrees to call another day, and take the cattle, and soon after the Payee does call, makes known his business, but the Maker is not at home to pay the cattle. The Payee then sees the Maker and informs him, that he called for the cattle according to his agreement.—Decided that after this information, it was the duty of the maker to pay the cattle immediately. That the Payee was not obliged to call again for the cattle. That the Maker might appoint the time of payment at his house, and notify the Payee; and payment or tender, made at such time, and place, would be good. That as the Maker neglected for three months to make payment, or tender of the cattle, it was an unreasonable delay on his part, and a cause of action had accrued on the note. That the Payee, in declaring on the Note, need not notice the agreement to prolong the time of payment; and if the Maker relies on such agreement, he must plead it specially.

This was an action of assumpsit on a promisory note dated October 28, 1829, for the sum of $24,50, payable in neat cattle, delivered at the defendant's dwelling house, in Alburgh, on the first day of October, A. D. 1830. Plea

non assumpsit. On trial of the issue by the jury, the defendant after admitting the execution of the note, proved that on the day when the note became pay- able, to wit, the 1st day of October, 1830, the parties being together, the defendant stated to the plaintiff that he had the cattle ready and would turn them out on the note if the plaintiff insisted, but suggested that he had other business to attend to, and requested the plaintiff to defer the payment of the note; that the plaintiff with a view to accomodate the defendant agreed to defer the payment, and stated that if it would make any difference with the defendant, he would call another day and take tho cattle, and that in consequence of this understanding the parties separated and the cattle were not turned out. This being proved the plaintiff introduced a witness who testified, that, a few days afterwards he went with the plaintiff at his request to the house of the defendant for the purpose of demanding the cattle on the note—that the defendant was not at home, and they saw no body but the defendant's brother, of whom they enquired for the cattle on the note—that the defendant's brother replied that he knew nothing of any cattle being there for the plaintiff—that he had no charge of defendant's business, and, no authority to act for him. The plaintiff also offered evidence tending to shew that the defendant was then attending Court at Grand Isle, and that afterwards, and during the term of the Court the plaintiff stated to the defendant at Court that he had been to defendant's house as stated above after the cattle. Upon this shewing the Court decided that the plaintiff was not entitled to recover in this action by reason of the non delivery of the cattle on the first of October, as the plaintiff had waived his right to have them on that day ; and that no sufficient demand was shewn to have been subsequently made to sustain the action; therefore the plaintiff submitted to become nonsuit with leave to except to the aforesaid decision.—The exception being allowed, the case now comes here for decision.

BAYLIES, J.—The plaintiff held a promisory note against the defendant, dated 28th October, 1829, for the sum of $24,50, payable in neat cattle, at the defendant's dwelling

GRAND ISLE,
January,
1833.
————————
Pike
vs.
Mott.

house in Alburg on the first day of October, 1830. At the time and place of payment, the plaintiff was ready to receive the cattle ; but at the request of the defendant " the plaintiff agreed to defer the payment," and said, " *he would call another day, and take the cattle*." The case shows, that in a few days after, *the plaintiff called at the defendant's house to take the cattle on said note*, and there made known his business; but the defendant was not at home to turn out the cattle ; he was at Court on Grand Isle, where the plaintiff saw him, and told him he had been to his house to take the cattle on the note, as he had agreed. After the plaintiff gave this information, it was the duty of the defendant to pay the cattle forthwith on the note. If the plaintiff did not call again to take the cattle, and he was not obliged to, the defendant might appoint the time, when he would pay the cattle at his house on the note, and notify the plaintiff of the appointment, and pay accordingly. After such appointment and notice, the payment of the cattle at such time and place would be as good, as if made at the time, and place mentioned in the note. But if the plaintiff did not attend at the time and place, so that payment could be made to him, then a tender of the cattle at the uttermost convenient time on that day would be good. 1 Swifts Dig. 293 ; Inst. 211.

So, if the defendant chose, he might have driven his cattle to the plaintiff's house, and if he was at home, there paid, or tendered the cattle on the note. But the defendant adopted no mode of payment, and made no exertion to satisfy the note before he was sued in January, three months after the note became due. We consider this was an unreasonable delay of the defendant to pay the note ; and that a cause of action had accrued to the plaintiff on the note before he commenced this suit.

But it was contended before the County Court, and it is insisted here, that inasmuch as the plaintiff had declared on his note in the usual way without noticing the agreement to prolong the time of payment; the plaintiff cannot recover. We consider, that if the time of payment, mentioned in any written contract, not under seal, is enlarged by agreement of the parties ; in bringing an action on such contract, it is sufficient to declare, that the payment

GRAND ISLE,
January,
1833.

Pike
vs.
Mott.

was not made according to the time mentioned in the contract, without noticing the agreement to enlarge the time of payment ; and if payment was in fact made according to the enlarged time, the defendant may show it, by pleading specially, the agreement to enlarge the time of payment, and payment accordingly. In the case at bar, we consider the action was rightly brought on the note, and if the defendant had any sufficient excuse for not paying the note according to its tenor, this shewing should come from him, and not from the plaintiff. 1 Swifts Dig, 288 ; 2 Day, 408 ; 15 J. R. 338.

If the contract in the case had been a specialty it might deserve a different consideration. 3 Ter. Rep. 590 & n.

A majority of the Court are of opinion that the nonsuit should be set aside; and a new trial granted, and it is ordered accordingly.

*Harrington & Perrigo*, for plaintiff.

*Brown & Bascom & Hazen*, for defendant.